UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSUE AVENDANO GOMEZ,

    Petitioner,

        v.                           CAUSE NO. 3:22-CV-34-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Josue Avendano Gomez, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-9-273) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellular device in violation of Indiana Department of Correction Offense 121. Following a disciplinary hearing, he was sanctioned with a loss of one hundred days eighty days earned credit time and a demotion in credit class.

Gomez argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He asserts that his cellmate, Jesus Maldonado, testified that he hid the cellular device in Gomez's box without his knowledge.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

>guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines possession as:

>On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

ECF 8-13 at 6.

The administrative record includes a conduct report in which a correctional officer represents that he searched Gomez's property box and found a cellphone concealed underneath a false bottom. ECF 8-1. The administrative record also includes a photographs of the property box and the cellphone. ECF 8-2. It also included Inmate Maldonado's statement that he hid the cellphone in Gomez's property box. ECF 8-8. The conduct report, the photographs, and Maldonado's statement constitute some evidence that Gomez possessed a cellular device as defined by departmental policy. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Gomez argues that he is entitled to habeas relief because he did not receive adequate notice of the disciplinary charges against him. He asserts that he received notice of the conduct report on at 12:13 p.m. on September 26, 2021, and that the hearing occurred less than twenty-four hours later at 10:35 a.m., on September 27, 2021. To satisfy procedural due process, "written notice of the charges must be given to the

disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare." *Id.* The Warden concedes that Gomez did not receive the full twenty-four hours' notice but argues that this deficiency amounts to harmless error. Gomez does not explain how the additional hour and a half would have affected the outcome of his case. Therefore, the claim that Gomez received inadequate notice are not a basis for habeas relief.

Gomez argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer had a close relationship with the correctional officer who issued the conduct report and that the hearing officer is being investigated for showing extreme bias in prison disciplinary proceedings. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.*

There is no indication that the hearing officer was involved in the underlying incident. Further, Gomez offers no details as to the nature or degree of the alleged relationship between the hearing officer and the reporting officer or how he became aware of it. Even if he had, friendship with a witness, by itself, is insufficient to disqualify a hearing officer from acting as a decisionmaker. *See U.S. v. Murphy*, 768 F.2d

1518, 1537 (7th Cir. 1985) ("Many courts therefore have held that a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer."). Additionally, the court cannot accept Gomez's unsupported allegation that the hearing officer is being investigated for bias in other disciplinary cases as evidence that she was biased with respect to his disciplinary case. *See* Fed. R. Evid. 404(b) (" Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Moreover, though the hearing officer ultimately found Gomez guilty, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Gomez argues that he is entitled to habeas relief because he did not speak English to the degree necessary to articulate his defense at the disciplinary hearing. "A criminal defendant is denied due process when he is unable to understand the proceedings due to a language difficulty." *Mendoza v. United States*, 755 F.3d 821, 827 (7th Cir. 2014). Although the Seventh Circuit has not applied this standard to prison disciplinary hearings, several district courts have. *See Jose-Nicolas v. Berry*, 2018 WL 1466769, *6 (S.D. Ill. 2018) (collecting cases). For purposes of this order, the court will assume that this standard applies to prison disciplinary proceedings.

According to Gomez, he asked for a bilingual lay advocate at screening. The screening officer agreed but assigned him a lay advocate that did not speak Spanish. At the hearing, Gomez conveyed these concerns to the hearing officer, but the hearing officer told him that no translator was available. According to the Warden, Gomez did

4

not request a bilingual lay advocate at screening or at the hearing. Gomez also articulated his defense at the hearing, asked relevant questions, and appeared to understand the hearing. Gomez specifically asked "how [the hearing officer] found him guilty when another offender was taking possession of the cellphone." ECF 8-16. The hearing report reflects that Gomez told the hearing officer, "When they walked out of the cell and unit, they never asked us who the item belonged to." ECF 8-7. It further reflects that the hearing officer considered the testimony of Inmate Maldonado at the hearing. *Id.*

The parties dispute Gomez's English proficiency and whether he asked for a bilingual lay advocate. Nevertheless, the record demonstrates that Gomez understood the nature of the charge against him and the purpose of each stage of the proceedings. For example, at screening, Gomez said that he was in a group session on the morning of the search, and he requested testimony from his cellmate, anticipating that Inmate Maldonado would say that the cellphone belonged to him. ECF 8-5. He requested a lay advocate and received one, although not a bilingual one. ECF 8-6. At the hearing, he was able to convey his defense to the hearing officer as demonstrated by the hearing officer's documentation. ECF 8-7. He also submitted timely administrative appeals. ECF 8-9; ECF 8-10; ECF 8-11.

In sum, the record demonstrates Gomez understood the nature of the charges and the disciplinary proceedings and was able to convey his defense to the hearing officer. Because the failure to provide a bilingual lay advocate amounts to no more than harmless error, this claim is not a basis for habeas relief.

If Gomez wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Josue Avendano Gomez leave to proceed in forma pauperis on appeal.

.      SO ORDERED on July 7, 2022

                                                  s/ Michael G. Gotsch, Sr.
                                                  Michael G. Gotsch, Sr.
                                                  United States Magistrate Judge